USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

BRANDED APPAREL GROUP LLC,

                         Plaintiff,

-v-

JOSHUA MUTHART,

                         Defendant.

17 Civ. 5956 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Branded Apparel Group LLC ("Branded"), a clothing supplier, brings this action against defendant Joshua Muthart, president and sole owner of Branded's sales representative, Supreme Showroom, Inc. ("Supreme"). Branded alleges that Muthart, as Supreme's principal, breached a fiduciary duty of loyalty to Branded—and aided in Supreme's breach of the same duty—when Supreme, under contract with Branded, negotiated with and later represented one of Branded's competitors. Pending now is Muthart's motion to dismiss the Amended Complaint on the ground that he cannot be held individually liable for Supreme's conduct.

On August 23, 2018, the Court commissioned supplemental briefing on whether this case (the "New Action") should be dismissed as duplicative of *Supreme Showroom, Inc. v. Branded Apparel Group LLC*, 16 Civ. 5211 (PAE) (the "Related Action"). *See* Dkt. 30.[1] That case, which is pending, was filed in this Court in June 2016. Most recently, in June 2018, the Court issued a decision largely denying the parties' cross-motions for partial summary judgment. The effect of that decision was to preserve for trial most of Branded's counterclaims, including one,

---

[1] Unless otherwise specified, "Dkt." refers to the docket in this case, 17 Civ. 5956 (PAE).

relevant here, asserting that Supreme breached its fiduciary duty of loyalty to Branded by undertaking the allegedly conflicted representation described above.

On review of the parties' supplemental submissions, the Court is persuaded that the New Action is duplicative of the Related Action, and that the proper remedy is dismissal of the New Action. Accordingly, the Court declines to address the merits of Muthart's motion to dismiss, and instead dismisses this action as duplicative.

**I.    Background**

**A.    The Related Action**

On June 30, 2016, Supreme filed the initial complaint in the Related Action. Related Action Dkt. 1. Supreme alleged primarily that Branded had breached the parties' "Sales Representative Agreement" (and, later, an unwritten agreement with similar terms) by failing to pay Supreme agreed-upon commissions and showroom fees. *See id.* ¶¶ 9, 16–20. After Supreme filed a first and second amended complaint, *see* Related Action Dkts. 10, 18, on October 7, 2016, Branded filed an answer asserting several counterclaims against Supreme, *see* Related Action Dkt. 21.[2] Relevant here, Branded alleged that Supreme, acting through Muthart, had surreptitiously agreed to act as sales representative for Gant, one of Branded's competitors, and in that capacity had favored Gant's products over Branded's. *See* Branded Counterclaims ¶¶ 29–49. In light of these allegations, Branded asserted counterclaims for breach of contract and breach of the fiduciary duty of loyalty. *See id.* ¶¶ 50–63.

On December 9, 2016, this Court so-ordered the parties' proposed case management plan. Related Action Dkt. 27. Relevant here, the case management plan imposed a January 8,

---

[2] This document is broken into two sections with overlapping paragraph numbers. The Court refers to the second section—the only one relevant here—as "Branded Counterclaims."

2

2017 deadline for filing amended pleadings or joining additional parties. *See id.* ¶ 3. Neither party sought to amend its pleadings or join additional parties. The deadline was never extended. *See* Related Action Dkt. 34.

Following discovery, the parties cross-moved for partial summary judgment. *See* Related Action Dkts. 57, 62. On June 27, 2018, this Court issued an opinion and order that, except as to one issue not relevant here, denied the cross-motions. *See* Related Action Dkt. 81. As a result, the decision preserved for trial Branded's counterclaim alleging that Supreme breached its fiduciary duty of loyalty. The parties' joint pretrial order is due October 26, 2018, and a final pretrial conference, at which the Court will set a trial date, is scheduled for November 29, 2018. *See* Related Action Dkt. 86.

**B.    The New Action**

On July 17, 2017—near the Related Action's fact discovery deadline and long after the deadline to amend or add parties—Branded filed an action against Muthart in New York State Supreme Court. *See* Dkt. 1-1. Branded asserted two claims against Muthart, each arising out of the concurrent Gant representation: first, for tortious interference with contract, on the theory that Muthart "intentionally procured Supreme's breaches of [the] Sales Representative Agreement"; and second, for aiding and abetting Supreme's breach of its fiduciary duty of loyalty to Branded, on the theory that Muthart had provided "substantial assistance to Supreme" by, among other things, "negotiating with Gant, . . . entering into the Gant agreement alongside Supreme, undertaking individual obligations to Gant, . . . concealing material information . . . , and promoting Gant's competitive products ahead of Branded's products." *Id.* ¶¶ 57–72.

On August 7, 2017, Muthart removed the case to federal court. Dkt. 1. On August 8, 2017, Muthart filed a statement contending that the New Action was related to the Related Action. *See* Dkt. 7. Among other things, Muthart noted that "[i]t is Supreme Showroom's

3

position that Branded Apparel initiated the Later Filed case in an attempt to avoid the deadline for it to have joined parties or claims set by the Court's initial Case Management Plan for the Earlier Filed case." *Id.* at 2. On August 9, 2017, the Court accepted the cases as related.

After Muthart moved to dismiss, *see* Dkt. 12, on September 20, 2017, Branded filed an amended complaint, Dkt. 19 ("Am. Compl."). This complaint, now operative, withdrew the tortious interference claim and replaced it with a direct breach of fiduciary duty claim against Muthart. *See* Am. Compl. ¶¶ 67–72. It alleged that Muthart had "breached the fiduciary duty of loyalty that he owed to Branded by," among other things, "secretly negotiating with Gant, . . . entering into the Gant Agreement alongside Supreme, undertaking personal obligations to Gant, . . . concealing material information . . . , and promoting Gant's competitive products ahead of Branded's products." *Id.* ¶ 70.

On October 5, 2017, the Court so-ordered the parties' stipulation staying the New Action pending resolution of the cross-motions for partial summary judgment in the Related Action. *See* Dkt. 20.

On August 1, 2018, after resolution of the cross-motions for partial summary judgment in the Related Action, Muthart moved to dismiss the amended complaint. Dkts. 23–25. Muthart argued primarily that because he acted at all times in his capacity as an officer of Supreme, he cannot be held liable for the corporation's misconduct. *See* Dkt. 24. In a footnote, he argued further that the New Action amounted to Branded's "attempt to avoid the amendment/joinder deadline and the requirements of Rule 16" in the Related Action, such that the New Action "may well constitute improper claim splitting." *Id.* at 1 n.3.

Also on August 1, 2018, the parties filed a joint letter requesting that the Court stay all pretrial deadlines in the Related Action pending a ruling on Muthart's motion to dismiss. Dkt.

4

26. The parties stated that resolution of the motion would enhance the likelihood of settlement. *Id.* On August 2, 2018, the Court granted the motion in part, declining to stay any deadlines but pushing back the Related Action's pretrial briefing schedule to accommodate resolution of the motion to dismiss. Dkt. 27.

On August 15, 2018, Branded filed its opposition to the motion to dismiss. Dkt. 28. It argued primarily that, under New York law, a corporate officer who knowingly participates in a breach of the corporation's fiduciary duties may be held individually liable (and/or liable as an aider and abettor), regardless whether the corporate veil is pierced. *Id.* at 5–10.

On August 22, 2018, Muthart filed a reply brief. Dkt. 29. He argued primarily that Branded's complaint failed to allege that Muthart acted in bad faith, as required by New York law. *See id.* at 1–4.

On August 23, 2018, the Court issued an order directing the parties to file letter briefs addressing the following question: "Should this matter be dismissed as duplicative of *Supreme Showroom Inc. v. Branded Apparel Group LLC*, 16cv5211? *See DiGennaro v. Whitehair*, 467 F. App'x 42, 43–44 (2d Cir. 2012); *Barclay v. Lowe*, 131 F. App'x 778, 778–79 (2d Cir. 2005)." Dkt. 30. On August 30, 2018, the parties filed their responses. *See* Dkts. 31–32.

## II.  Discussion

The Court declines to address whether Muthart may be held individually liable for Supreme's alleged misdeeds. Instead, for the following reasons, the Court dismisses the New Action as duplicative.

"As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This policy fosters judicial economy by promoting the

"comprehensive disposition" of disputes. *Id.* The doctrine also protects parties from "the vexation of concurrent litigation over the same subject matter." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (quotation marks omitted).

Consistent with this policy, the Second Circuit has held that a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. The same is true of an action on the same subject in the same court naming defendants "in privity with the defendants named in the original complaint." *DiGennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012); *see also Barclay v. Lowe*, 131 F. App'x 778, 779 (2d Cir. 2005) (same).

"While the rule against duplicative litigation is distinct from claim preclusion, the former analysis borrows from the latter to 'assess whether the second suit raises issues that should been brought in the first.'" *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013) (citation omitted) (quoting *Curtis*, 226 F.3d at 139–40). The inquiry focuses on "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (quoting *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000)). Thus, a suit may be duplicative where "the same proof is needed to support the claims in both suits" or "facts essential to the second suit were present in the first." *Barclay*, 131 F. App'x at 779 (quoting *Curtis*, 226 F.3d at 139).

Branded does not dispute that the New Action is duplicative of the Related Action. It clearly is. As Branded's pleadings reveal, Supreme acted only through Muthart in its dealings with Branded and Gant. *See* Branded Counterclaims ¶¶ 5, 14, 35, 41, 43–45; Am. Compl. ¶ 26 ("Muthart was essentially the sole person at Supreme who performed the overwhelming majority

of the services for which Branded had engaged Supreme."). Accordingly, the facts underlying Branded's duty-of-loyalty counterclaims in the Related Action are virtually identical to those supporting its duty-of-loyalty claims in the New Action. Thus, assuming *arguendo* that Muthart could be held individually liable for Supreme's alleged torts, "[a]djudication of the claims against [Muthart] would necessarily involve findings on the exact same facts required to resolve the claims [against Supreme] in the first action." *DiGennaro*, 467 F. App'x at 44. Because the claims are virtually identical challenges to the same conduct, and because there is no dispute that Muthart and Supreme are in privity, the actions are duplicative. *See id.*

The key question, then, is how to proceed. This Court is empowered to "administer its docket so as to avoid duplicative litigation in any manner it chooses." *Barclay*, 131 F. App'x at 779; *see also Curtis*, 226 F.3d at 138 ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). In deciding how to exercise its discretion, the court is to "consider the equities of the situation." *Curtis*, 226 F.3d at 138.

The equities here tip decidedly in favor of dismissal. On October 7, 2016, Branded filed its counterclaims against Supreme, alleging *inter alia* that Supreme, through Muthart, breached its fiduciary duty of loyalty to Branded. *See* Branded Counterclaims ¶¶ 29–49, 56–63. On June 29, 2017—nearly six months after the deadline to amend or join additional parties—Branded sought Supreme's consent to amend its counterclaims to include claims against Muthart individually. *See* Dkt. 31 at 6. When Supreme declined to consent, Branded responded that it was "planning to commence a separate action" against Muthart, and asked Supreme whether that changed its position. *Id.* at 5. When Supreme again refused its consent, counsel for Branded offered the following response:

7

> Whether Branded would prevail on a (by order) late without-consent motion to amend is an open question. But Branded's right and intention to commence suit against [Muthart] are without doubt. Our judgment is that, without consent, commencing a separate action is all around a smarter use of resources than moving to amend. The question for Supreme and Josh [Muthart] is whether they want the entire controversy determined in one or in two fora. If when we file elsewhere Josh will anyway look to consolidate the claims, Supreme might as well consent now, which would be consistent with wanting consolidation, and then not try to later explain the lack of consent when Josh and Supreme seek consolidation. There will be Branded litigation against Josh. That being a given, the question presented is whether under those circumstances the parties have a mutual interest in the efficiency of adjudication in a single forum. Just because our client says A doesn't mean that your client (or Josh) is well served by saying B.

*Id.* at 4. Supreme once again declined to consent. *Id.* at 8. On July 17, 2017, in lieu of filing an untimely motion to amend, Branded brought suit against Muthart in New York State Supreme Court. *See* Dkt. 1-1.

Based on this record, it is clear that Branded deliberately sought to circumvent this Court's scheduling order by filing a state-court action against Muthart. As Branded no doubt recognized, this Court would have denied as delinquent a motion filed in June 2017 to add Muthart as a party. That is because Branded had well known of Muthart's personal involvement in Supreme's alleged fiduciary breach when it first filed its counterclaims. Indeed, for all intents and purposes, Supreme *was* Muthart. It is therefore quite irrelevant whether, as Branded seeks to make the issue, Supreme dragged its feet in the Related Action in producing evidence of Muthart's communications with Gant. *See* Dkt. 32 at 1–2. Whatever discovery had revealed, the Court would have denied the motion to amend on the ground that Branded should have named Muthart as a party in October 2016. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (court may deny leave to amend after deadline has passed and moving party has

8

failed to show good cause for delay). Appreciating this, Branded, rather than pursue a motion it knew would be dead on arrival, filed a duplicative state court action.

The Court rejects as disingenuous Branded's explanation that it "did not believe it was an efficient use of the parties' or the Court's time and resources to interrupt the already-delayed discovery and dispositive motion schedule in the Related Action by briefing an out-of-time motion for leave to amend." Dkt. 32 at 2. The Court is skeptical that counsel could sincerely have believed that filing a duplicate new action in state court would possibly conserve anyone's resources. Branded's claim to this effect is particularly dubious given that, as the written record above reflects, its counsel *expected* that the defendant would remove and seek consolidation. *See* Dkt. 31 at 4. Further, although the parties have now agreed that no additional discovery would be necessary were the New Action to proceed, there was no such agreement in place at the time, and every possibility that bids for discovery or other sparring inspired by the new state-court lawsuit would add to the parties' burdens and costs. Thus the Court finds Branded's decision to file its suit in state court to be exactly as Supreme termed it in its statement of relatedness: a transparent gambit to increase settlement leverage without running afoul of this Court's scheduling order.

The bottom line is that Branded had every opportunity and incentive under the schedule the Court (with the parties' consent) had set to bring its claims against Muthart. For whatever reasons, it chose not to do so. The Court will not reward Branded's inattention or its subsequent gamesmanship. Accordingly, this case, Branded's against Muthart, is properly dismissed.

The parties in the Related Case—as to which all deadlines remain in place—are encouraged to renew their settlement negotiations forthwith.

## CONCLUSION

For the foregoing reasons, the amended complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

To assure that the record of the Related Action is complete, the Clerk of Court is respectfully directed to docket this decision simultaneously in *Supreme Showroom, Inc. v. Branded Apparel Group LLC*, 16 Civ. 5211.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 10, 2018
New York, New York