

*Taylor Fricton, PLLC*
D. Clay Taylor, Esq.
clay@replawyer.com

October 28, 2018.

Hon. Paul A. Engelmayer
U.S.D.J.
Courtroom 1305
Thurgood Marshall Courthouse
40 Center Street
New York, N.Y. 10007

**VIA CM/ECF**

Re:   *Supreme Showroom, Inc. v. Branded Apparel Group, LLC*
Case No. 1:16-cv-5211 PAE
Related Case No. 1:17-cv-5956 PAE

Dear Judge Engelmayer:

I am lead counsel for the Plaintiff, Supreme Showroom, Inc. ("Supreme Showroom") and write for the purpose of responding to the "joint letter" to the Court filed Friday night by counsel for Defendant, Branded Apparel Group, LLC ("Branded").[i] Because Defendant has elected to treat a joint letter as an improper substitute for a motion in limine, I am compelled to respond on my client's behalf and request the Court's indulgence to do so.

First and foremost, it is undisputed that the parties are legally entitled to a jury trial on their common law breach of contract claims. *Bercovici v. Chaplin*, 3 F.R.D. 409, 410 (S.D.N.Y. 1943), *modified*, 7 F.R.D. 61 (S.D.N.Y. 1946). From the beginning, Supreme Showroom's pleadings have consistently and appropriately demanded a jury trial, as required by Fed.R.Civ.P. 38. Certainly, Supreme Showroom has done nothing that can be construed as a waiver of its right and desire to have the case tried to a jury.

Second, the issues of waiver and estoppel are routinely and properly tried by juries. As the court held in *Infotech Mgmt. Inc. v. Morse*, 150 A.D.2d 638, 639, 541 N.Y.S.2d 513, 515 (2nd Dept. 1989), "Since waiver is an intentional relinquishment of a known right and is essentially a matter of intention, it is for the jury to determine from the facts proven whether or not such intention existed on the part of the defendants." Moreover, in cases such as this, where there are mixed legal and equitable claims, woven from the same operative facts, and when the gravamen of the action sounds in contract or tort law—rather than equity—such cases are eligible for jury trial, particularly where the parties' claims demand a money judgment. See; *Harris v. Trustco Bank*

*New York*, 224 A.D.2d 790, 791, 637 N.Y.S.2d 527, 528 (3rd Dept. 1996).

Third, even should the Court determine that certain of the parties' claims or defenses are equitable in nature, since a jury will be empaneled to hear the parties' competing legal claims, Supreme Showroom respectfully requests the Court allow the jury, on an advisory basis, to hear and consider the parties' equitable claims and defenses, per Fed.R.Civ.P. 39(c).

Next, Branded's letter makes much of the parties' fact stipulation on their cross motions for summary judgment and advocates its use at trial via a Rule 56(g) order. This is improper for several reasons. The stipulation expressly limited its application to summary judgment and disclaimed any stipulation as to materiality. It did *not* state that it was a stipulation for all purposes. Furthermore, summary judgment is not trial. In bringing a motion for summary judgment, the movant often leans upon factual assertions of the non-movant, much in the form of a demur, to avoid fact disputes and advancing its entitlement to judgment as a matter of law. The 2010 comments to Fed.R.Civ.P. 56(g) bear directly on this point:

> [On summary judgment] a nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. **This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes**... Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event. (emphasis supplied).

See also: *Halladjian v. Home Depot U.S.A., Inc., et al.*, 2010 WL 11518542 (C.D. Cal. 2010)(Denying motion for new trial based on district court's conclusion that its exclusion from evidence of a stipulation of undisputed facts on summary judgment from evidence was proper, because they were not binding judicial admissions). This was reiterated by widely cited commentators:

> Parties opposing summary judgment may choose strategically to concede (or to not affirmatively dispute) a certain fact, and to do so for summary judgment motion purposes only. **The court must take care to ensure that such strategic, procedural concessions are not used to declare a fact as established when, at trial, it will be contested.** (emphasis supplied).
>
> Baicker-McKee, Janssen, Corr, *Federal Civil Rules Handbook*, p. 1139 (2018 Ed.).

While Branded couches its position as serving judicial economy, what it is actually doing is leading the Court into and improper and erroneous use of Rule 56(g). Certainly, Branded's suggestion that

**Taylor Fricton, PLLC**
October 28, 2018
Page 3

---

the Court use Rule 56(g) as a bludgeon, to compel Supreme Showroom to waive its right to a jury trial, is completely inappropriate, and we ask that the Court again reject such gamesmanship.

Last, Branded's letter advocates a bifurcated trial. Supreme Showroom also believes the trial should be bifurcated, but in a different way. Contrary to Branded's position, there is no legitimate basis or reason to bifurcate the presentation of facts or evidence apportioned along legal or equitable claims / defenses. In fact, such a bifurcation would make for a very disorderly presentation of the evidence, which would be a disservice to both parties. Rather, Supreme Showroom proposes that all the case facts be offered in a seamless presentation, and then the jury's deliberation be bifurcated between liability and compensatory damages (in phase one) and statutory penalty or punitive damages, if necessary (in phase two). This would make for a far more linear and streamlined presentation of evidence, and avoid questions of liability, defenses and damages being muddled with the question of penalties.

We look forward to discussing these issues with the Court in our upcoming pretrial conference. If the Court should have any questions or concerns regarding this matter, please let me know. Thank you.

*Very Truly Yours*
*Taylor Fricton, PLLC*

dct/DCT
cc:    Client
       Counsel via CM/ECF

---

' By way of background, the undersigned did not see a draft of counsel's proposed joint letter until 9:45 p.m. Friday night. I immediately advised counsel, via email, that I thought the letter was not what the Court had requested in its Order for Pretrial Conference (Docket Nos. 85, 86), and that we would not agree to the submission of such a letter. Unfortunately, I was not in a position to respond more fully at that hour. While counsel did attempt to contact me later by email, I did not see those messages until the next morning, at the same time I learned that, at 1:00 a.m., counsel had affixed my /s signature to the letter and filed it via CM/ECF as a "joint" submission. Branded will no doubt justify this filing by arguing that the Court's order set a deadline of Friday for the filing of a joint letter. While this is true, certainly the better approach, under the circumstances, would have been to submit a letter advising the Court that the parties were discussing the issue and request leave to file the letter the next business day.